**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division


UNITED STATES OF AMERICA

v.                                    ACTION NO. 4:04CR149

MONTEZ A. MATTHEWS,

      Defendant.


<u>O R D E R</u>


In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841.

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the grand jury has found probable cause to believe that the defendant sold cocaine to an undercover agent on five

occasions and possessed with intent to distribute cocaine in the amount of 10.427 grams on the same date as the fifth sale of cocaine base. At the time the officers attempted to arrest him, he ran from the scene and was eventually apprehended on December 30, 2004. He has been in state custody since that time. The evidence appears to be very strong against the defendant.

The defendant appears to have close family ties to his mother and stepfather in the Hampton, Virginia area. Prior to his arrest on these charges, he worked as a mechanic's helper with his stepfather at C&C Auto Service in Hampton. The defendant claims no monthly income or assets.

The defendant reports that he used marijuana occasionally from age 18 until his arrest on December 30, 2004 and that he used powdered cocaine approximately four times in 2004.

The defendant's criminal record is significant for a young man. In 1998 he was adjudicated delinquent on two counts of conspiracy to rob. In 2000 he was adjudicated delinquent on possession of marijuana. In 2000, at age 16, he was also found delinquent for possession of controlled substances, to-wit, crack cocaine, and trespassing. His probation was revoked in 2003 and he was sentenced to 12 months in lieu of commitment to the Department of Juvenile Justice. In March of 2003 he had his first adult felony conviction for eluding police, and he also obtained a possession of marijuana first offender charge in January of 2003. The probation

officer will be requesting a warrant for Mr. Matthews' arrest, due to his subsequent convictions for evading police, identity theft, and driving under revocation. Finally on December 30, 2004, the defendant was arrested on a number of charges, some of which have been adopted by federal prosecution. On April 26, 2005, he was found guilty of eluding police, identity theft, and driving under revocation.

The Court FINDS that this defendant is a nonappearance risk based on his previous convictions for failure to appear, identity theft, and two counts of eluding police. He is also a danger to the community, based on the nature of the alleged present offenses, his self-reported substance abuse history, his juvenile and adult criminal record, and the fact that he was on supervised probation at the time of the alleged present offense.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the

safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

_____
_____/s/_____
         Tommy E. Miller
         United States Magistrate Judge

Norfolk, Virginia

May 3, 2005

4